DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, NJ 07932
973-360-1100 (General)
973-360-9831 (Fax)
Robert M. Leonard

Attorneys for Plaintiffs
Ansell Protective Products, Inc.
and Ansell Limited

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANSELL PROTECTIVE PRODUCTS, INC. AND ANSELL LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> KAUL GLOVE AND MFG. CO. d/b/a, CHOCTAW KAUL DISTRIBUTION <br><br> Defendant. | DOCUMENT ELECTRONICALLY FILED <br> **CIVIL ACTION NO.** <br><br><br> **COMPLAINT AND JURY DEMAND** |

Ansell Protective Products, Inc. and Ansell Limited (collectively "Ansell," unless otherwise specified) bring this action against Kaul Glove and Mfg. Co. d/b/a Choctaw Kaul Distribution ("Defendant" or "Choctaw-Kaul") for injunctive relief and damages under the Lanham Act, 15 U.S.C § 1051 *et seq.* and the common law and in support thereof say:

### THE PARTIES

1.  Ansell Protective Products, Inc. ("APP") is a corporation organized and existing under the laws of Delaware and its principal place of business is in Red Bank, New Jersey. APP

PHLIT\624814\2

is a leading provider of industrial and occupational protective products, with a particular expertise in glove manufacturing and technology.

2. Ansell Limited ("Ansell") is an Australian publicly-listed corporation with its principal place of business in Australia.

3. Defendant Kaul Glove and Mfg. Co. d/b/a Choctaw Kaul Distribution ("Choctaw Kaul") is a corporation organized and existing under the laws of Michigan and its principal place of business is at 3540 Vinewood Ave. Detroit, Michigan 48208. Choctaw Kaul is in the business of manufacturing products, including but not limited to protective clothing, gloves and aprons, protective coats and wristbands and lab coats.

## JURISDICTION AND VENUE

4. This action arises under Sections 32 and 43(a) of the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and under the laws of the State of New Jersey, for trademark infringement, unfair competition, false designation of origin and unjust enrichment. Plaintiffs seek injunctive relief and monetary damages.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Lanham Act and a substantial part of the events or omissions giving rise to these claims occurred in this District.

7. This Court has personal jurisdiction over defendant because it is present in this District and engages in substantial business within this District.

## FACTS GIVING RISE TO THIS ACTION

### Ansell's Well-Known Trademarks

8. APP is a subsidiary of Ansell Limited (ABN 89 004 085 330), Level 3, 678 Victoria Street, Richmond, Victoria 3121, Australia. Ansell Limited is the owner of the trademarks in issue and has licensed their use to APP.

9. APP and Ansell are leading providers of industrial and occupational protective products, with a particular expertise in glove manufacturing and technology.

10. Ansell is the world's largest manufacturer of protective gloves and clothing, providing leadership in the areas of development, design, manufacturing and marketing.

11. For more than 100 years, Ansell has led the personal protective equipment industry. Through its comprehensive safety solutions and product innovations, Ansell has helped manufacturers across a wide range of industries reduce worker injuries and boost productivity.

12. Since 1997, Ansell has used marks that include the word "HYFLEX" for gloves. The "HYFLEX" line of gloves offer many benefits and features, including, without limitation, cut resistance for workers when handling sharp-edged materials and tools.

13. On January 18, 2000, the United States Patent and Trademark Office ("PTO") issued on the Principal Register federal Registration No. 2,309,590 for the trademark HYFLEX® for "protective industrial work gloves." A true and correct copy of this registration is attached hereto at Exhibit A. The HYFLEX® mark is valid, subsisting, unrevoked and uncancelled. The mark has been in continuous use since its first date of use. By virtue of the continuous use of the mark that is the subject of Registration No. 2,309,590, the mark has become incontestable pursuant to 15 U.S.C. § 1065.

14. Ansell Limited is the owner of the HYFLEX® mark and has licensed it to APP.

15. On December 11, 2007, the PTO issued on the Principal Register federal Registration No. 3,354,440 for the trademark HYFLEX PRECISION PROTECTION® for '[g]loves for protection against accidents; Protective gloves for industrial use; Protective work gloves." A true and correct copy of this registration is attached hereto at Exhibit B. The HYFLEX PRECISION PROTECTION® mark is valid, subsisting, unrevoked and uncancelled. The mark has been in continuous use since its first date of use.

16. Ansell Limited is the owner of the HYFLEX PRECISION PROTECTION® mark and has licensed it to APP.

17. APP has marketed and sold gloves through the United States, including the State of New Jersey, under the HYFLEX® mark and HYFLEX® PRECISION PROTECTION mark (collectively, 'HYFLEX® marks').

18. Included among the style numbers offered by APP for its HYFLEX® gloves is 11-800.

19. The gloves offered under the HYFLEX® marks are recognized by APP's customers and consumers as a symbol of the high quality of its products.

20. APP has spent several million dollars in advertising and promoting its gloves under the HYFLEX® marks over time.

21. As a result of APP's aforementioned sales and promotion, and the high quality of its products, the HYFLEX® marks have become well-known throughout the United States, including the State of New Jersey, and the HYFLEX® marks have come to signify a significant part of APP's business, since long before the acts of Choctaw-Kaul complained of herein, and Ansell now owns valuable goodwill symbolized by and embodied in its HYFLEX® marks.

**Choctaw-Kaul's Unlawful Acts and Willful Infringement**

22. At all relevant times, Choctaw-Kaul had knowledge of Ansell's ownership of the HYFLEX® marks, including the goodwill associated therewith.

23. Choctaw-Kaul manufactures and distributes work gloves and protective sleeves.

24. At all relevant times, Choctaw-Kaul had knowledge that the term "I-Flex" is confusingly similar to "HYFLEX," and that use of the term to identify Choctaw-Kaul's glove products would be likely to cause confusion as to source or origin of such apparel or related apparel services.

25. In connection with offering gloves under the mark "I-Flex," Choctaw-Kaul has adopted a style number ("11800") nearly identical to Ansell's style number for one of its HYFLEX® gloves ("11-800"). A true and correct copy of boxes for "I-Flex" products is attached hereto at Exhibit C.

26. Further evidence of Choctaw-Kaul's efforts to confuse and mislead consumers can be found in its online catalog. For example, in its "Master Catalog" from December 19, 2007, Choctaw-Kaul identifies itself as the "manufacturer" of certain Ansell HYFLEX® gloves. This is false. Choctaw-Kaul does not manufacture Ansell gloves.

27. Defendant Choctaw-Kaul's use of the confusingly similar mark "I-Flex" on and in connection with its products and its blatant misrepresentation of itself as the "manufacturer" of certain Ansell HYFLEX® gloves is, upon information and belief, a continuing effort to deceive and confuse glove purchasers as to the source or origin of the goods and the level of quality associated with Ansell's goods.

28. On November 20, 2007, Ansell sent Choctaw-Kaul a cease and desist letter objecting to Choctaw-Kaul's use of the confusingly similar term "I-Flex" and confusingly similar style number. Ansell further objected to Choctaw-Kaul's misrepresentation in its "Master Catalog"

that it is the "manufacturer" of certain Ansell HYFLEX® gloves. Ansell asserted that such use infringed Ansell's rights in its HYFLEX® marks. A true and correct copy of Ansell's November 20, 2007 letter is attached hereto at Exhibit D.

29. In response to Ansell's cease and desist letter, Choctaw-Kaul's President admitted that it was selling a look-a-like product. To date, Choctaw-Kaul, however, has not ceased its infringing and deceptive activities.

30. Choctaw-Kaul's infringing activities have caused and are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Further, Choctaw-Kaul's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is some connection, authorization or association between Choctaw-Kaul and Ansell.

31. Choctaw-Kaul has been and is engaging in acts that constitute a blatant attempt to pass off Ansell's gloves as its own.

32. In addition, Choctaw-Kaul has been and is engaging in the above-described unlawful activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Ansell and deceiving consumers, the public and the trade.

33. Choctaw-Kaul's infringing conduct has caused and is causing Ansell irreparable harm and injury and, if not preliminarily and permanently enjoined by this Court, will continue to damage Ansell and the consuming public.

## COUNT I
## FEDERAL STATUTORY
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

34. The allegations of paragraphs 1 through 33 are incorporated herein by reference as though fully set forth herein.

35. Ansell owns the federally registered HYFLEX® marks for gloves (Exhibits A-B hereto) and those marks are valid, subsisting, uncancelled, and unrevoked. Ansell's federally registered HYFLEX® mark is incontestable.

36. The HYFLEX® marks serve to identify the gloves offered exclusively by Ansell.

37. Choctaw-Kaul has intentionally adopted the confusingly similar 'I-Flex' mark and '11800' product style number in an effort to create consumer confusion.

38. Choctaw-Kaul's unauthorized use of a mark that is confusingly similar to Ansell's federally registered marks, infringes Ansell's HYFLEX® marks because such use is likely to cause confusion, mistake, and deception in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Choctaw-Kaul's acts alleged herein have caused Ansell to lose control over its reputation and goodwill associated with Ansell's HYFLEX® marks.

40. Ansell has suffered damages and Choctaw-Kaul has obtained profits and unjust enrichment as a result of Choctaw-Kaul's infringement of Ansell's HYFLEX® marks.

41. Choctaw-Kaul's acts infringe Ansell's HYFLEX® marks and have irreparably injured Ansell's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION(15 U.S.C. § 1125(a))

42.     The allegations of paragraphs 1 through 41 are incorporated herein by reference as though fully set forth herein.

43.     Choctaw-Kaul has been and continues to promote, offer for sale and sell gloves using the confusingly similar term "I-Flex."

44.     Choctaw-Kaul has engaged in and continues to engage in a pattern of conduct direct to confuse and mislead consumers.

45.     In connection with the sale of such gloves, Choctaw-Kaul is using a product style number ('11800') that is nearly identical to Ansell's product style number ('11-800').

46.     Choctaw-Kaul further is passing-off gloves bearing the HYFLEX® marks as being manufactured by Choctaw-Kaul.

47.     The HYFLEX® gloves depicted on the Choctaw-Kaul webpage are not manufactured by Choctaw-Kaul.

48.     Ansell has not consented to or authorized any use of its federally registered HYFLEX® marks or the use of any confusingly similar term.

49.     Ansell has not consented to or authorized Choctaw-Kaul to identify itself as the 'manufacturer' of any Ansell product, including those bearing the HYFLEX® marks.

50.     Persons, including consumers and potential consumers, familiar with Ansell's HYFLEX® marks and gloves, upon seeing Choctaw-Kaul's infringing use of the term "I-Flex" and the HYFLEX® mark in connection with its gloves will be likely to believe, and would be justified in so believing, that Choctaw-Kaul's gloves were introduced by or under the sponsorship of or in affiliation with Ansell.

51.   Choctaw-Kaul's promotion and/or sale of its gloves represent to consumers, the public and trade that such gloves are sold by or under the sponsorship of, or in affiliation with, or with the approval of Ansell.

52.   Choctaw-Kaul's use of the confusingly similar term "I-Flex" in connection with the sale of gloves represents to consumers, the public and trade that Defendants' goods are sold by or under the sponsorship of, or in affiliation with, or with the approval of Ansell.

53.   Choctaw-Kaul's acts described herein are likely to cause confusion, mistake or deception among consumers, the public and trade.

54.   Choctaw-Kaul's use of the term "I-Flex" and the HYFLEX® mark in connection with its goods has been willful and deliberate, and represents an attempt to appropriate to Choctaw-Kaul the valuable goodwill that Ansell has earned for its HYFLEX® marks.

55.   Choctaw-Kaul's unlawful acts further constitute a false description and representation and a false designation of the origin as to the gloves it sells.

56.   Ansell has no control over the quality of the goods that are promoted and/or sold by Choctaw-Kaul and therefore Ansell's valuable goodwill for its goods is being irreparably damaged by Choctaw-Kaul's unlawful acts.

57.   Choctaw-Kaul's infringing and unlawful actions violation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.   Choctaw-Kaul's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

59.   Ansell has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

60. The allegations of paragraphs 1 through 59 are incorporated herein by reference as though fully set forth herein.

61. Choctaw-Kaul, without Ansell's consent, has been advertising in interstate commerce throughout the United States gloves that bear the confusingly similar 'I-Flex' mark.

62. Choctaw-Kaul's conduct described herein is likely to cause and has caused confusion, deception and mistake in the minds of the general public and trade with respect to the origin, source and affiliation of the gloves offered by Choctaw-Kaul.

63. Choctaw-Kaul's use of a mark that is confusingly similar to Ansell's HYFLEX® marks violates and infringes Ansell's common law trademark rights in and to the HYFLEX® marks, and constitutes common law trademark infringement under New Jersey law.

64. Choctaw-Kaul's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

65. Ansell has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

66. The allegations of paragraphs 1 through 65 are incorporated herein by reference as though fully set forth herein.

67. Choctaw-Kaul's use of the confusingly similar term 'I-Flex' in connection with its promotion and sale of gloves suggests to the general public and trade that the goods or services are in some way affiliated with or authorized by Ansell.

68. Choctaw-Kaul's use of a confusingly similar mark is likely to cause confusion, mistake or deception among the general public and in the trade as to the origin and sponsorship of the gloves promoted and offered for sale by Choctaw-Kaul.

69. Ansell has no control of the quality of the gloves sold by Choctaw-Kaul.

70. Choctaw-Kaul's use of the "I-Flex" mark in the manner described herein constitutes unfair competition under the common law of New Jersey.

71. Choctaw-Kaul's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

72. Ansell has no adequate remedy at law.

## COUNT V
## UNJUST ENRICHMENT

73. The allegations of paragraphs 1 through 72 are incorporated herein by reference as though fully set forth herein.

74. This cause of action arises under the common law.

75. By the acts and activities complained of herein, Choctaw-Kaul has been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Ansell respectfully requests the following relief:

1. A preliminary and permanent injunction enjoining Choctaw-Kaul from doing, abiding, causing or abetting any of the following:

    (a) using the "I-Flex" mark and/or any other mark that is confusingly similar to Ansell's federally registered "HYFLEX" marks;

   (b) using the "11800" product style number in connection with Choctaw-Kaul gloves and/or any other product style number that is confusingly similar to Ansell's product style numbers;

   (c) identifying itself as the manufacturer of any product that is manufactured by Ansell or any of Ansell's affiliate companies;

  2. Damages in an amount sufficient to compensate Ansell for all damages suffered by Ansell as a result of Choctaw-Kaul's violations of Sections 32 and 43(a) of the Lanham Act, and state statutes and common law;

  3. Damages in an amount sufficient to compensate Ansell for the profits it has lost or the profits that Choctaw-Kaul improperly gained as a result of the wrongful, willful and infringing conduct of Choctaw-Kaul;

  4. A sum equal to three times the amount of damages or profits as a consequence of Choctaw-Kaul's intentional and willful infringement;

  5. Punitive damages in an amount sufficient to defer future willful and wanton conduct;

  6. Ansell's attorneys' fees and the costs of this action, in part because this is an 'exceptional case' given Choctaw-Kaul's intentional and willful misconduct;

  7. Prejudgment interest on Ansell's damages; and

  8. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs Ansell Protective Products Inc. and Ansell Limited demand a trial by jury on all issues so triable.

Dated: January 8, 2008            BY: _____
                                      Robert M. Leonard

DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, NJ  07932
973-360-1100 (General)
973-360-9831 (Fax)

*Attorneys for Plaintiffs*
*Ansell Protective Products, Inc. and*
*Ansell Limited*